a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

BORIS OSTANIN #A246-976-823, Petitioner — CIVIL DOCKET NO. 1:26-CV-00119 SEC P

VERSUS — JUDGE JAMES D. CAIN, JR.

WARDEN LASALLE DETENTION FACILITY ET AL, Respondents — MAGISTRATE JUDGE PEREZ-MONTES

## REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 filed by Petitioner Boris Ostanin ("Ostanin"), an immigration detainee at the Central Louisiana ICE Processing Center in Jena, Louisiana. Ostanin challenges the legality of his continued detention without a bond hearing.

Because Ostanin is detained under 8 U.S.C. § 1226(a), he is entitled to an individualized bond hearing. The Petition (ECF No. 1) should therefore be GRANTED.

## I. Background

Ostanin is a native of Kazakhstan and a citizen of Russia. ECF No. 11-1. According to the Notice to Appear ("NTA"), Ostanin entered the United States on September 7, 2023, without being admitted or paroled after inspection by an immigration officer. ECF No. 11-1. The Department of Homeland Security ("DHS")

charged Ostanin as inadmissible under 8 U.S.C. §§ 1182(a)(6)(A)(i) and 1182(a)(7)(A)(i)(I). *Id.*

On November 8, 2023, ICE released Ostanin on his own recognizance. ECF No. 11-2 at 1. The Order of Release on Recognizance states that Ostanin had been placed in removal proceedings pursuant to § 236 of the Immigration and Nationality Act, 8 U.S.C. § 1226. *Id.* Ostanin agreed, among other things, to report periodically to ICE, surrender for removal if ordered, and comply with all other conditions imposed by the agency. *Id.* at 1–3. According to ICE's records, Ostanin was released for humanitarian reasons and because detention space was unavailable. ECF No. 11-3 at 3.

Ostanin thereafter remained at liberty for more than two years. On December 1, 2025, he appeared at an ICE office in New York for a routine check-in required by his release order. ECF No. 11-3 at 2-3. ICE detained him at that appointment. *Id.* at 2. ICE's Record of Deportable/Inadmissible Alien states that, following a review of the relevant information, Ostanin's release order was canceled "following appropriate procedures" and with the approval of an acting assistant field office director. *Id.* The record further states that ICE processed Petitioner as a "T/Other Re-Arrest" and executed a Form I-200, along with several other immigration processing forms. *Id.* at 3. A Form I-200 is a "Warrant of Arrest" expressly identified in the regulation governing arrests under § 1226. *See* 8 C.F.R. § 236.1(b)(1). The Government did not submit a copy of the warrant itself.

Ostanin challenges ICE's decision to re-detain him without notice, a hearing, or an individualized determination that he presented a danger to the community or risk of flight. ECF No. 1 at 7-18.

On February 19, 2026, an immigration judge denied Ostanin's applications for asylum, withholding of removal, and protection under the Convention Against Torture and ordered him removed to Russia. ECF No. 11-4 at 3, 5. Ostanin's appeal was filed on March 11, 2026, and remains pending. ECF No. 23-1 at 2. Accordingly, the immigration judge's removal order is not yet administratively final.

## II. Law and Analysis

The parties dispute whether Ostanin is detained under 8 U.S.C. § 1225(b)(2)(A) or § 1226(a). The Government contends that Ostanin is an applicant for admission subject to mandatory detention under § 1225(b)(2)(A). Ostanin argues that § 1226(a) governs because ICE initially released him under that provision and later re-arrested him while his removal proceedings remained pending.

Section 1226(a) provides that, "[o]n a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." Except in circumstances not relevant here, § 1226(a) permits the Attorney General either to continue detention or to release the noncitizen on bond or conditional parole. 8 U.S.C. § 1226(a)(1)–(2).

The regulations implementing § 1226 specifically identify the warrant used for such an arrest:

> At the time of issuance of the notice to appear, or at any time thereafter and up to the time removal proceedings are completed, the respondent

may be arrested and taken into custody under the authority of Form I-200, Warrant of Arrest.

8 C.F.R. § 236.1(b)(1).

Here, ICE initially released Ostanin on a Form I-220A stating that he had been placed in removal proceedings under § 236 of the INA, codified at § 1226. ECF No. 11-2 at 1. More importantly, ICE's own record states that, when Ostanin was re-arrested on December 1, 2025, "ICE-ERO NYC executed Forms: I-200, DHS 1815, I-213, FD-249." ECF No. 11-3 at 3. Thus, the Government's own evidence indicates that Ostanin was re-arrested pursuant to the precise warrant identified in the regulation implementing § 1226.

The Government did not submit the I-200 itself. Nevertheless, it submitted the I-213 identifying the warrant and does not dispute the accuracy or authenticity of their own record. ECF No. 11-3. Nor does the Government explain why ICE executed a Form I-200 if Ostanin was instead taken into mandatory custody under § 1225(b)(2)(A). On the record presented ICE's re-arrest of Ostanin pursuant to a Form I-200 places his detention within § 1226(a) and related regulations.

This conclusion is consistent with *Nieto Moz v. Mullin*, No. 26-CV-1173, 2026 WL 2066402, at *2-3 (W.D. La. June 9, 2026), *report and recommendation adopted as modified,* 2026 WL 2065889 (W.D. La. July 16, 2026). There, the Court concluded that § 1226 governed because ICE re-arrested the petitioner pursuant to an administrative warrant. The Court distinguished *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026), because the petitioners in *Buenrostro-Mendez* were not arrested pursuant to warrants, and the Fifth Circuit did not address the effect of a

warrant on the applicable detention authority. *See Nieto Moz*, 2026 WL 2066402, at *2-3 (citing *de Leon v. Ladwig*, No. 6:25-CV-01884, 2026 WL 19095, at *5 (W.D. La. Jan. 2, 2026) ("Petitioners do not allege that they were arrested on a warrant issued under § 1226(a), further indicating that Petitioners are properly detained under § 1225(b), not § 1226(a).")).

The same distinction applies here. *Buenrostro-Mendez* establishes that a noncitizen who entered without inspection remains an applicant for admission within the meaning of § 1225(a)(1). But it does not hold that § 1225(b)(2)(A) governs when ICE exercises its authority to arrest a noncitizen pursuant to the Form I-200 prescribed by 8 C.F.R. § 236.1(b)(1). Indeed, *Buenrostro-Mendez* recognized that § 1226(a) authorizes detention "[o]n a warrant issued by the Attorney General." 166 F.4th at 499; *see also Nieto Moz*, 2026 WL 2066402, at *3.

Ostanin's removal order does not alter the analysis. Although an immigration judge ordered him removed on February 19, 2026, Ostanin timely appealed, and his appeal remains pending before the BIA. ECF No. 11-4 at 5-6; ECF No. 23-1 at 2. The removal order therefore is not administratively final, and § 1231 does not yet govern his detention. Ostanin remains detained "pending a decision on whether [he] is to be removed," within the meaning of § 1226(a).

Accordingly, Ostanin is detained under § 1226(a) and is entitled to an individualized custody determination.

Because Ostanin is entitled to relief on statutory grounds, the Court need not address his alternative constitutional challenge to his re-detention.

## III. Conclusion

For the foregoing reasons, IT IS RECOMMENDED that the Petition for Writ of Habeas Corpus (ECF No. 1) be GRANTED, and that the Government reclassify Ostanin as detained under § 1226(a) and afford him an individualized bond hearing before an immigration judge within 14 days.

Under 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Monday, August 17, 2026.

JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE